IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2007-D

| | |
|---|---|
| BROGAN Y. RAYMOND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LYNNE B. KELLY, ) | |
| ) | |
| Respondent. ) | |

On January 8, 2025, Brogan Y. Raymond ("Raymond" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On January 27, 2025, Raymond filed his petition on the correct form [D.E. 4]. On June 30, 2025, the court conducted its preliminary review under 28 U.S.C. § 2243 and allowed the petition to proceed [D.E. 7]. On July 21, 2025, respondent moved to dismiss the petition for failure to state a claim [D.E. 10]. See Fed. R. Civ. P. 12(b)(6). On the same date, the court notified Raymond about respondent's motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 12]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On August 7, 2025, Raymond responded in opposition [D.E. 13]. As explained below, the court grants respondent's motion to dismiss.

I.

On December 18, 2014, in the United States District Court for the District of Montana, Raymond pleaded guilty to possession of an unregistered firearm. See [D.E. 4] 1; Plea Agreement, United States v. Raymond, No. 1:14-CR-37 (D. Mont. Dec. 18, 2014), [D.E. 22]. On April 15, 2021, the court issued an amended judgment and sentenced Raymond to 100 months'

imprisonment. See Am. J., Raymond, No. 1:14-CR-37 (D. Mont. Apr. 15, 2021), [D.E. 58]. Raymond is located at the Federal Bureau of Prisons's ("BOP") residential reentry management office in Seattle, Washington. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search by inmate name) (last visited Jan. 27, 2026). Raymond's projected release date is February 24, 2026. See id.

As of December 1, 2024, Raymond has earned 365 days of First Step Act ("FSA") time credits toward early release and 315 days of FSA time credits toward halfway house or home confinement placement. See [D.E. 1-1] 16. The BOP has not applied Raymond's time credits to his sentence because his periodic recidivism risk assessments under the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") system have maintained a medium or high recidivism risk level. See id. at 9, 13, 16–22; see also 18 U.S.C. § 3624(g)(1)(B). Raymond seeks a court order directing the BOP to apply his earned time credits. See [D.E. 4] 2–9.

Respondent seeks dismissal of the petition. See Fed. R. Civ. P. 12(b)(6); [D.E. 11] 6–12. A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (cleaned up); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must view the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (citation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576

U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"Although [Raymond] may be eligible to earn time credits, those credits cannot be applied until he has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during [Raymond's] term of imprisonment." Sanders v. Barraza, No. 3:23-CV-191, 2023 WL 2925176, at *2 (M.D. Pa. Mar. 3, 2023) (unpublished) (cleaned up); see 18 U.S.C. § 3624(g)(1)(B); White v. Warden of Fed. Corr. Inst.-Cumberland, __ F.4th __, 2026 WL 89397, at *6 (4th Cir. Jan. 13, 2026); Torok v. Carter, No. 24-6177, 2025 WL 3497993, at *1 (4th Cir. Dec. 5, 2025) (per curiam) (unpublished); Gadsden v. Joseph, No. 0:23-CV-2065, 2023 WL 8006375, at *2 (D.S.C. Oct. 27, 2023)

3

(unpublished), report and recommendation adopted, 2023 WL 8005872 (D.S.C. Nov. 17, 2023) (unpublished); King v. Joseph, No. 2:23-CV-1847, 2023 WL 6626630, at *4 (D.S.C. Sept. 14, 2023) (unpublished), report and recommendation adopted, 2023 WL 6626160 (D.S.C. Oct. 11, 2023) (unpublished); Compton v. Brown, No. 5:23-CV-237, 2023 WL 5767323, at *3–4 (N.D. W. Va. Aug. 18, 2023) (unpublished), report and recommendation adopted, 2023 WL 5751435 (N.D. W. Va. Sept. 6, 2023) (unpublished); Casellas v. FCI-Mendota, No. 1:23-CV-49, 2023 WL 4535030, at *2 (E.D. Cal. July 13, 2023) (unpublished). Raymond does not dispute that his periodic risk reassessments indicated a medium or high recidivism risk level. See [D.E. 4] 2–9; [D.E. 13] 1–4; see also [D.E. 1-1] 9, 13, 16–22.

To the extent Raymond argues he has demonstrated recidivism risk reduction by not receiving any disciplinary infractions for three years, completing several classes and programs, and maintaining employment, see [D.E. 13] 1–4, "the First Step Act expressly states that an inmate with a medium or high risk of recidivism according to his PATTERN score may not have successfully completed recidivism reduction programs and productive activities applied towards his time credits until he receives a minimum or low risk PATTERN score for two consecutive assessments." King, 2023 WL 6626630, at *6; see also Gadsden, 2023 WL 8006375, at *2–3; Frazier v. Strong, No. 8:23-CV-1986, 2023 WL 5155939, at *4 (D.S.C. June 27, 2023) (unpublished), report and recommendation adopted, 2023 WL 5155585 (D.S.C. Aug. 10, 2023) (unpublished). "Consequently, [Raymond's] claim that the BOP is misapplying the First Step Act by not applying his earned time credit based on his medium [and high] risk assessment[s] is plainly without merit." Gadsden, 2023 WL 8006375, at *3; see also King, 2023 WL 6626630, at *5; Compton, 2023 WL 5767323, at *4. Accordingly, the court grants respondent's motion to dismiss.

## II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 10], DISMISSES petitioner's application for a writ of habeas corpus [D.E. 1, 4], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). The clerk shall close the case.

SO ORDERED. This 27 day of January, 2026.

JAMES C. DEVER III
United States District Judge